1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOILING CRAB FRANCHISE CO., LLC, a
California limited liability company,

             Plaintiff,

           v.

KL BOILING CRAWFISH
CORPORATION, a Washington corporation,
and NGUYEN BOILING CRAWFISH
CORPORATION, a Washington corporation,

             Defendants.

CASE NO. C21-293RSM

ORDER DENYING STIPULATED
MOTION FOR PROTECTIVE ORDER

       This matter comes before the Court on the parties' Stipulated Protective Order.  Dkt. #22.

       The Court finds that the proposed Protective Order does not conform to the requirement that its "protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles" as stated by Local Rule 26(c)(2).   Under the section entitled Confidential Material, the Court's model protective order instructs: "[t]he parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'"   The parties have not followed these instructions and instead list the following: "Documents containing non-public financial

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 1

information of one or more of the parties (or third parties) that are subject to reasonable measures to maintain their confidentiality;" "Documents containing non-public information related to the marketing, pricing and delivery of the goods or services of one or more the parties (or third parties), that are subject to reasonable measures to maintain their confidentiality, including *but not limited to* non-public information regarding customers, vendors and suppliers;" Documents containing non-public information related to business… processes and methods of one or more of the parties (or third parties) that are subject to reasonable measures to maintain their confidentiality, including *but not limited to* proprietary operational procedures and training manuals;" "Documents containing information regarding non-public current and future product, development, branding/marketing strategies, and business plans of one or more of the parties (or third parties), that are subject to reasonable measures to maintain their confidentiality, including *but not limited to* expansion plans, potential investors, franchisees or licensees." Dkt. #22 at 2–3 (emphasis added).

Although some proper categories of documents are referenced, the Court finds that the parties have impermissibly left the door open to labeling a wide variety of documents as confidential, including categories that can be summed up as "sensitive business material." The parties submit no argument to justify this departure from the model protective order's guidelines.

The parties have also eviscerated Section 5.1 of the model protective order, "Exercise of Restraint and Care is Designating Material for Protection." The model states that "[t]he designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement." The parties propose cutting all of this and replacing it with "[t]he

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 2

designation may be applied to the entirety of a document.  However, upon reasonable request of the opposing party, the producing party must provide a more narrowly designated version of a document previously designated in its entirety, designating for protection only those parts of material, documents, items, or oral or written communications that qualify." Dkt. #22 at 6.

The model included this language because the Court expects the parties to exercise care and restraint in labeling portions of documents as confidential, consistent with Local Rule 26(c)(2).  The parties submit no argument to justify this departure from the model protective order, and the Court will not enter an order with such language.

Given all of the above, the Motion will be denied.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the parties' Stipulated Protective Order, Dkt. #22, is DENIED.

DATED this 7th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 3